AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA <br> v. <br><br> **MATHEW KILGUS** <br><br> Defendant | ) <br> ) <br> )  Case No.  3:25-mj-00257(TWD) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of August 27, 2025 in the county of Broome in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2422(b) | Attempted Enticement of a Minor |

This criminal complaint is based on these facts:
See attached affidavit.

☒   Continued on the attached sheet.

_____
Complainant's signature
Jenelle Corrine Janowicz, FBI Special Agent
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: Aug. 28, 2025

_____
Judge's signature

City and State:  Syracuse, New York    Hon. Thérèse Wiley Dancks, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jenelle Corrine Janowicz, being duly sworn, do hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I submit this affidavit in support of a criminal complaint and arrest warrant charging Mathew KILGUS ("KILGUS") with a violation of Title 18, United States Code, Section 2422(b) (attempted enticement of a minor).

2.  I have been employed as a Special Agent of the FBI since June 2012 and am currently assigned to the Albany Division, Binghamton Resident Agency. I am specifically assigned to the Mid-State Child Exploitation Task Force ("MSCETF"), which targets individuals involved in the on-line sexual exploitation of children. As part of my duties, I investigate crimes involving the sexual exploitation of minors, including sex trafficking of minors and various criminal offenses related to the production, distribution, receipt, and possession of child pornography. I have received training on the proper investigative techniques for these violations, including the use of surveillance techniques, undercover activities, and the application and execution of arrest and search warrants. I have conducted and assisted in several child exploitation investigations and have executed search warrants that have led to seizures of child pornography and undercover operations to identify and locate individuals who seek to engage in sexual activity with minors.

3.  I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1). As an FBI Special Agent, I am authorized to seek and execute federal arrest warrants for Title 18 criminal offenses, including offenses related

1

to the sexual exploitation of minors.

4. This affidavit is based on my personal knowledge and observations, my training and experience, information obtained from other law enforcement agents and witnesses, and communication with others who have personal knowledge of the events and circumstances described herein. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts known to me regarding this investigation.

## DETAILS OF THE INVESTIGATION

5. In August 2025, an FBI Task Force Officer posted an advertisement on a social networking site that is known among the law enforcement community to be used to advertise prostitution (the "Website"). The advertisement included the language "New in town - tight little kitty [cat emoji] ready to play".[1] It was posted in the category of "Female escort." Under the heading "Activities this service provider may enjoy," the advertisement explicitly listed several sex acts, including "Intercourse – Vaginal" and "Intercourse – Anal". The advertisement included two pictures of an undercover officer ("UC1") that had been digitally age-regressed so that UC1 appeared to be around 13 years old. The advertisement listed a phone number (the "UC1 Phone Number").

6. On August 27, 2025, an individual later identified as KILGUS messaged the UC1 Phone Number using a cell phone number ending in 0980. KILGUS asked, "Hey! Are you available?" UC1 stated "Hey there availability after 230". UC1 stated, "Ok shes a minor some people get weird so I like to say it up front once i know your cool we can talk about a meeting". KILGUS stated, "I'm interested, how old?" UC1 stated, "She is 13 turns 14 next month." KILGUS

---

[1] "Kitty" is a common colloquial term used to refer to a female's vagina.

2

indicated he was comfortable with the child's age by stating, "Oh nice". UC1 told KILGUS that she and the fictitious minor were located near Johnson City/Binghamton, New York, which is in Broome County in the Northern District of New York. UC1 asked KILGUS what he wanted to do with the minor. KILGUS stated, "1 hour fs, kissing, anal". I know from my training and experience that those involved with prostitution use "FS" to mean "full service," or regular vaginal sex. UC1 told KILGUS it would cost $180 per hour for full service, and an extra $20 for him to engage in anal sex. UC1 also stated that "kissing is fine cant cum in her" and KILGUS stated, "That sounds good!" KILGUS then asked if he could have 2 hours with the minor instead of 1 hour. UC1 stated, "Treat her with respect and ill do $300" and KILGUS stated, "Sounds like a good deal to me!" KILGUS told UC1 that he would be traveling from central Pennsylvania and was already on his way.

7. UC1 directed KILGUS to a restaurant near a shopping center in Johnson City, which is in Broome County in the Northern District of New York, and told him to send a picture of the restaurant to confirm he was real and intended to follow through on their arrangement. KILGUS complied, sending UC1 a picture of the restaurant. UC1 then directed KILGUS to another address in Johnson City where they would meet.

8. Minutes later, KILGUS arrived at the address and approached UC1. KILGUS sat down next to UC1 and UC1 asked if KILGUS had brought the money. KILGUS took out $300 in $20 bills and handed the bills to UC1. UC1 asked if KILGUS had brought a condom, because she didn't "need a pregnant 13-year-old." KILGUS stated he had not. UC1 also told KILGUS he couldn't bruise the child in any way because she was "only 13". KILGUS acknowledged UC1's statements by saying "I gotcha." At this point, law enforcement detained him.

3

9. KILGUS was advised of his *Miranda* rights. KILGUS indicated he understood his rights, waived his rights, and agreed to speak with law enforcement. The interview was audio-recorded. During the course of the interview, KILGUS admitted he had traveled from Pennsylvania and drove 2 hours from his residence to Johnson City, New York, to engage in vaginal and anal sex with who he believed was a 13-year-old female. KILGUS also admitted that he had paid UC1 $300 to do so.

10. The sexual acts KILGUS intended to perform on the fictitious 13-year-old child, as set forth above, would constitute violations of New York State Penal Law § 130.30(1) and (3), Rape in the Second Degree; and New York State Penal Law § 130.60(2), Sexual Abuse in the Second Degree.

## CONCLUSION

11. Based on the foregoing, there is probable cause to believe that on or about August 27, 2025, in Broome County, in the Northern District of New York, and elsewhere, defendant Mathew KILGUS violated Title 18, United States Code, Section 2422(b), in that he used a facility and means of interstate and foreign commerce to knowingly attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which any person can be charged with a criminal offense. Your affiant respectfully requests that a criminal complaint be issued pursuant to these violations of federal law.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

Jenelle Corrine Janowicz
FBI Special Agent

4

I, the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by videoconference on August 28, 2025, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

*28 twd*

*[signature]*

Hon. Thérèse Wiley Dancks
United States Magistrate Judge